**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Leah Strohman, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: |
| | ) | |
| SPX Corporation, | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |

**COMPLAINT**

NOW COMES the Plaintiff, Leah Strohman, through her attorneys, O'Connor | O'Connor, P.C. by Kevin F. O'Connor, and, as for a Complaint against the Defendant, SPX Corporation, alleges and shows to the Court, as follows:

**NATURE OF ACTION**

1. Plaintiff Leah Strohman ("Strohman") brings this action to redress the unlawful discrimination based on sex and retaliation by her former employer, SPX Corporation ("SPX"), culminating in the termination of her employment on February 7, 2013. The unlawful conduct of the Defendant is in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Illinois Human Rights Act ("IHRA" or "the Act"), 775 ILCS 5/1-101 *et seq*.

2. Specifically, Plaintiff seeks awards of back pay and benefits, future losses of wages and benefits, compensatory damages, punitive damages, attorney's fees, costs, other monetary damages, and all other relief available under Title VII and the IHRA.

## JURISDICTION AND VENUE

3. Counts I and II are brought pursuant to Title VII. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's state claims, Counts III and IV, pursuant to 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. 1391(b) because the events giving rise to the claims alleged herein occurred within the Northern District of Illinois.

6. Plaintiff has exhausted her administrative remedies and complied with the statutory prerequisites of Title VII and the IHRA by dual filing charges with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") alleging discrimination based on sex and retaliation. The EEOC issued a "Notice of Right to Sue" to Plaintiff in December of 2013.

## GENERAL FACTUAL ALLEGATIONS

7. Plaintiff is a 41 year old female.

8. SPX is organized under the laws of the State of North Carolina, and is authorized to do business in the State of Illinois, and does so out of 5885 11th Street, Rockford, Illinois.

9. Plaintiff started working at SPX on or about March 6, 2006 as a Product Manager. In or around October 2007, Plaintiff was promoted to the position of "Brand Manager" and then transitioned to the position of "Global Marketing Manager" in or around October 2011.

10. During her employment with SPX, Plaintiff performed her job satisfactorily and has met the job expectations. Specifically, Plaintiff received an overall performance rating of "SC" (Successful Contributor) or "HC" (High Contributor) from 2006 to 2009. In her

performance reviews for 2010 and 2011, Plaintiff's overall rating was "Meets Expectations."

11. Steve Green ("Green"), the Vice President of Global Sales and Marketing, was Plaintiff's direct supervisor. Green treated similarly situated male employees more favorably than female employees through, *inter alia*, the provision of company equipment and office arrangements.

12. In or around July 2012, Beth Waelti ("Ms. Waelti"), Plaintiff's only female direct report, approached Plaintiff and told her that she was being sexually harassed by one of the male employees, Ron Goetz ("Goetz"), the "Knowledge Manager".

13. Plaintiff reported Ms. Waelti's complaint to Human Resources Generalist Rhonda Himes ("Himes"), and to Green.

14. Specifically, Plaintiff and Ms. Waelti complained that Goetz would deliberately and conspicuously look female employees up and down, ogling them whenever they would have to discuss something with him in person.

15. Human Resources and Green supposedly addressed the issue with Goetz, and moved his desk further away from Plaintiff's and Waelti's work stations.

16. Green targeted and retaliated against Plaintiff after she made the complaint about Goetz.

17. On or about December 6, 2012, Green put Plaintiff on a Performance Improvement Plan ("PIP"), ostensibly for missing her objectives as a Global Marketing Manager. None of the similarly situated males in Plaintiff's department were put on a PIP for missing objectives.

18. During the PIP period Green would "move the goal posts" and would intentionally sabotage her ability to complete the PIP by assigning her a series of fool's errands for the purpose of predetermining Plaintiff's failure of the PIP.

19. On or about December 18, 2012, Plaintiff finished her customary performance review for Beth Waelti, and gave her an overall rating of "Meets Expectations".

20. On or about December 19, 2012, Plaintiff met with Tim Schramm ("Schramm"), Vice President of Human Resources to raise her concerns over the discriminatory and retaliatory purposes of Plaintiff's PIP. Plaintiff told Schramm that she believed that she had been put on the PIP because of her gender, and as retaliation for her complaint about Goetz's sexual harassment of Ms. Waelti.

21. On or about December 20, 2012, Green sent out an email to his reporting managers instructing them to submit the completed performance reviews for their direct reports (i.e. the employees directly reporting to Green's reporting managers) for Green's sign-off before the reporting managers had met with and gone over the performance reviews with their direct reports. This was contrary to the established practice with SPX.

22. Suspecting that Green was trying to artificially lower Ms. Waelti's performance review, which Plaintiff had already completed on December 18, 2012, Plaintiff emailed Schramm and requested that all employees be evaluated fairly.

23. On or about January 4, 2013, Plaintiff met with Schramm and Katy Alderman ("Alderman"), a Human Resources representative. In this meeting, Plaintiff explained that the criticisms raised in her PIP were false, and reiterated her belief that she was put on the PIP for discriminatory and retaliatory reasons.

24. On or about January 8, 2013, Plaintiff was given her performance review for 2012 by Steve Green. For the first time in her employment with Defendant, Plaintiff received an overall rating of "Below Expectations".

25. On or about January 17, 2013, Plaintiff talked to Kathy Taylor ("Taylor"), Human Resources Director for the Industrial Segment at SPX Corporation in Charlotte, North Carolina. Again, Plaintiff repeated her concern that the PIP was being used as an instrument of gender discrimination and retaliation.

26. Around 11:29am on February 7, 2013, Plaintiff emailed Taylor to follow up with her regarding Plaintiff's concerns over the gender discrimination and retaliation.

27. Around 11:50pm on the same day, Plaintiff noticed that Green had changed Ms. Waelti's performance review so that she would not get a raise. This made Ms. Waelti and Plaintiff the only two employees in the entire department who did not receive a raise.

28. In the afternoon of February 7, 2013, Plaintiff was terminated.

## COUNT I: SEX DISCRIMINATION IN VIOLATION OF TITLE VII

29. Paragraphs 1 through 28 are hereby restated and realleged as if fully set forth in Count I.

30. By conduct including but not limited to that described above, Plaintiff was treated differently and less favorably than similarly situated male employees during the course of her employment with Defendant. As a result, she was subject to different terms and conditions of employment due to her sex.

31. By conduct including but not limited to that described above, Defendant intentionally discriminated against Plaintiff because of her sex in the enjoyment of the benefits, privileges, and terms and conditions of her employment, in violation of Title VII.

32. By conduct including but not limited to that described above, Defendant acted with malice or reckless disregard for Plaintiff's federally protected rights under Title VII.

33. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Leah Strohman, respectfully seeks the following relief:

a. Declaration that Defendant has violated Plaintiff's rights under Title VII;

b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c. An award of compensatory damages in an amount to be determined at trial;

d. Judgment for punitive damages in an amount to be determined at trial;

e. An award of the costs of this action and reasonable attorney's fees; and

f. Such other and further relief as this Court may deem just and equitable.

**COUNT II : Retaliation in Violation of Title VII**

34. Paragraphs 1 through 28 are hereby restated and realleged as if fully set forth in Count II.

35. Plaintiff engaged in protected activity when she complained to Green and Human Resources about the sexual harassment perpetrated by Goetz against Ms. Waelti and the other female employees.

36. After the Plaintiff's sexual harassment complaint, Plaintiff was put on a PIP which her performance did not merit, and was given an overall rating of "does not meet

expectations" , again which her performance did not merit, for the first time in the history of her employment with Defendant.

37. After being put on the PIP, Plaintiff met/communicated with several managers from Human Resources in mid-December, 2012 and January 2013, and repeatedly complained that the PIP is a pretext and instrument for Green's gender discrimination and retaliation.

38. In addition, Plaintiff also alerted Human Resources to her suspicion that Green was trying to improperly tamper with Ms. Waelti's performance review.

39. Plaintiff was terminated on the same day that she made her final attempt to contact Human Resources regarding her prior complaints of gender discrimination and retaliation (February 7, 2014).

40. There is a causal connection between Plaintiff's protected activities and adverse employment actions.

41. By conduct including, but not limited to that described above, Defendant intentionally retaliated against Plaintiff because of her participation in the protected activity under the Title VII.

42. By conduct including, but not limited to that described above, Defendant acted with malice or reckless disregard for Plaintiff's federally protected rights under Title VII.

43. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Leah Strohman, respectfully seeks the following relief:

g. Declaration that Defendant has violated Plaintiff's rights under Title VII;

    h.    An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

    i.    An award of compensatory damages in an amount to be determined at trial;

    j.    Judgment for punitive damages in an amount to be determined at trial;

    k.    An award of the costs of this action and reasonable attorney's fees; and

    l.    Such other and further relief as this Court may deem just and equitable.

**Count III: Sex Discrimination in Violation of the Illinois Human Rights**

44.    Paragraphs 1 through 30 are hereby restated and realleged as if fully set forth in Count III.

45.    By conduct including, but not limited to that described above, Defendant intentionally discriminated against Plaintiff because of her sex in the enjoyment of the benefits, privileges, and terms and conditions of her employment in violation of the IHRA.

46.    By conduct including, but not limited to that described above, Defendant acted with malice or reckless disregard for Plaintiff's rights under the IHRA.

47.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Leah Strohman, respectfully seeks the following relief:

    a.    Declaration that Defendant has violated Plaintiff's rights under the IHRA;

    b.    An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

    c. An award of compensatory damages in an amount to be determined at trial;

    d. Judgment for punitive damages in an amount to be determined at trial;

    e. An award of the costs of this action and reasonable attorney's fees; and

    f. Such other and further relief as this Court may deem just and equitable.

### COUNT IV: RETALIATION IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT

48. Paragraphs 1 through 28 and 34 through 40 are hereby restated and realleged as if fully set forth in Count IV.

49. By conduct including but not limited to that described above, Defendant intentionally retaliated against Plaintiff because of her participation in activities protected under the IHRA.

50. By conduct including but not limited to that described above, Defendant acted with malice or reckless disregard for Plaintiff's rights under the IHRA.

51. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Leah Strohman, respectfully seeks the following relief:

    a. Declaration that Defendant has violated Plaintiff's rights under the IHRA;

    b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

    c. An award of compensatory damages in an amount to be determined at trial;

    d. Judgment for punitive damages in an amount to be determined at trial;

    e.    An award of the costs of this action and reasonable attorney's fees; and

    f.    Such other and further relief as this Court may deem just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted by:

Leah Strohman

By: /s/ Kevin F. O'Connor
One of Her Attorneys

Kevin F. O'Connor
O'Connor | O'Connor, P.C.
ARDC No. 6300449
1920 S. Highland Ave. Ste 203
Lombard, IL 60148
Tel. 630-456-1596
Fax. 630-658-0336